# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-51078
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellant*,

*versus*

SAMUEL ADAM SANCHEZ-TENA,

*Defendant—Appellee*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-160-1

————————————————————

Before JOLLY, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Samuel Adam Sanchez-Tena was charged with one count of receipt of a firearm while under felony indictment, in violation of 18 U.S.C. § 922(n). The district court granted his motion to dismiss the indictment on the ground that § 922(n) was facially unconstitutional under the Second Amendment in

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-51078

light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The Government appeals the order of dismissal.

The Government asserts that the district court incorrectly concluded that § 922(n) is facially unconstitutional under the Second Amendment. We review constitutional questions de novo. *United States v. Perez-Macias*, 335 F.3d 421, 425 (5th Cir. 2003).

We previously considered the facial constitutionality of § 922(n) and decided that the statute does not violate the Second Amendment. *See United States v. Quiroz*, 125 F.4th 713, 717-25 (5th Cir. 2025). The Government thus is correct that the district court erred in dismissing the indictment.

Accordingly, we REVERSE the dismissal order of the district court and REMAND the case for further proceedings.